ACCEPTED
04-16-00658-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/16/2017 10:51:26 AM
KEITH HOTTLE
CLERK

## NOS. 04-16-00658-CR & 04-16-00659-CR

## IN THE COURT OF APPEALS FOR THE
## FOURTH DISTRICT OF TEXAS
## SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

03/16/2017 10:51:26 AM

KEITH E. HOTTLE
Clerk

_____

## THE STATE OF TEXAS,
*Appellant*

## v.

## RUBEN RODRIGUEZ,
*Appellee*

_____

ON APPEAL FROM THE 399th JUDICIAL DISTRICT COURT
BEXAR COUNTY, TEXAS
CAUSE NOS. 2015-CR10288 & 2015-CR-10289

_____

## REPLY BRIEF FOR THE STATE
_____

NICHOLAS "NICO" LAHOOD
Criminal District Attorney
Bexar County, Texas

LAURA E. DURBIN
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva Street
San Antonio, Texas 78205
Phone: (210) 335-2411 – Laura.Durbin@bexar.org
Attorneys for the State of Texas
State Bar No. 24068556

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......................................................................... iii

STATE'S REPLY .......................................................................................1

    *The officer's subjective intent is irrelevant* ......................................................1

    *The record supports the officer's reasonable suspicion* ................................2

PRAYER FOR RELIEF.................................................................................4

CERTIFICATE OF COMPLIANCE ................................................................5

CERTIFICATE OF SERVICE.........................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Ford v. State,*
   158 S.W.3d 488 (Tex. Crim. App. 2005) ..............................................................1
*Jaganathan v. State*,
   479 S.W.3d 244 (Tex. Crim. App. 2015) ..............................................................3

**Statutes**

TEX. TRANS. CODE ANN. §551.103 ..........................................................................2
TEX. TRANS. CODE ANN. §552.006 ..........................................................................2

**Rules**

TEX. R. APP. P. 9.4 ....................................................................................................5
TEX. R. APP. P. 38.3 ..................................................................................................1

**TO THE HONORABLE COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS:**

Now comes, Nicholas "Nico" LaHood, Criminal District Attorney of Bexar County, Texas, and files this reply brief for the State pursuant to Texas Rules of Appellate Procedure 38.3.

**STATE'S REPLY**

*The officer's subjective intent is irrelevant*

An officer executes a lawful temporary detention when he has reasonable suspicion. *Ford v. State,* 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). The test for reasonable suspicion is an objective one based solely on whether there is an objective basis for the detention. The officer's subjective intent is not relevant. The officer viewed Rodriguez walking with is bike against oncoming traffic. Two transportation statutes control this conduct:

> Sec. 551.103. OPERATION ON ROADWAY. (a) Except as provided by Subsection (b), a person operating a bicycle on a roadway who is moving slower than the other traffic on the roadway shall ride as near as practicable to the right curb or edge of the roadway, unless:
>
> (1) the person is passing another vehicle moving in the same direction;
>
> (2) the person is preparing to turn left at an intersection or onto a private road or driveway;
>
> (3) a condition on or of the roadway, including a fixed or moving object, parked or moving vehicle, pedestrian, animal, or surface hazard prevents the person from safely riding next to the right curb or edge of the roadway; or

(4) the person is operating a bicycle in an outside lane that is:
     (A) less than 14 feet in width and does not have a designated bicycle lane adjacent to that lane; or
     (B) too narrow for a bicycle and a motor vehicle to safely travel side by side.

TEX. TRANS. CODE ANN. §551.103

Sec. 552.006. USE OF SIDEWALK. (a) A pedestrian may not walk along and on a roadway if an adjacent sidewalk is provided and is accessible to the pedestrian.

TEX. TRANS. CODE ANN. §552.006

### *The record supports the officer's reasonable suspicion*

Rodriguez argues the officer changed his reasoning to detain multiple times during the motion to suppress.[1] Under the reasonable suspicion standard as discussed, the officer's subjective reasoning for the detention is not a factor. Rather, the court considers the objective basis for the detention. The record established Rodriguez was walking and pushing his bicycle in the street against traffic. There was an adjacent sidewalk.

First, under Section 551.103, if Rodriguez were in fact operating a bicycle, he was not as near at practicable to the curb. Second, if Rodriguez was a

---

[1] The State agrees with Rodriguez that during the suppression hearing, Officer Irving's reasoning for the stop changed; however, as mentioned, his reasoning is not relevant to whether or not the record reflects the officer possessed reasonable suspicion to detain Rodriguez. Officer Irving first testified that he stopped Rodriguez because he was a pedestrian in the roadway. (RR 8). On cross-examination, Rodriguez questioned Officer Irving about the San Antonio municipal code provision which disallows bicycles on sidewalks. (RR 15-16). On re-direct, Officer Irving testified the two were in violation of Transportation Code Section 551.103. (RR 18).

pedestrian, under Section 552.006 of the Transportation, Rodriguez was not walking along the adjacent sidewalk. The court's determination that Rodriguez's actions were "more correct" was not proper. The State does not dispute Rodriguez may have had justification for his conduct. However, the question before the trial court was whether the officer had reasonable suspicion to detain Rodriguez for a traffic violation, not whether Rodriguez was guilty of a traffic violation. *See Jaganathan v. State*, 479 S.W.3d 244, 248 (Tex. Crim. App. 2015) (holding potential justifications for appellant's failure to move immediately from left lane did not negate the reasonable suspicion that an offense occurred). "There mere possibility that an act is justified will not negate reasonable suspicion." Rodriguez was walking with his bike against traffic. The officer had reasonable suspicion to detain Rodriguez for a violation under 551.103 or 552.006.

## PRAYER FOR RELIEF

The State prays that this Court will reverse the trial court's ruling.

Respectfully submitted,
NICHOLAS "NICO" LAHOOD
Criminal District Attorney
Bexar County, Texas

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 3rd Floor
San Antonio, Texas 78204
(210) 335-2418
Laura.Durbin@bexar.org
State Bar No. 24068556
(On Appeal)

Attorneys for the State

## CERTIFICATE OF COMPLIANCE

I certify, in accordance with Rule 9.4 of the Texas Rules of Appellate Procedure that this document contains 613 words.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN

## CERTIFICATE OF SERVICE

I, Laura Durbin, Assistant Criminal District Attorney, hereby certify that a true and correct copy of the above and foregoing reply brief was served electronic service to Oscar Cantu, Counsel for Ruben Rodriguez, on the 16th day of March, 2017.

*/s/ Laura E. Durbin*

_____

LAURA E. DURBIN